UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ALICIA PAUL, individually and on behalf of similarly situated persons, | Case No. _____ |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| OZARK PIZZA COMPANY, LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Alicia Paul, individually and on behalf of all other similarly situated delivery drivers, alleges as follows for her Complaint against Defendant:

1. Defendant Ozark Pizza Company, LLC has operated approximately 50 Papa John's franchise stores in Missouri, Illinois, Arkansas, Colorado and Oklahoma during times relevant.

2. Defendant employs delivery drivers who use their own automobiles to deliver pizzas and other food items to its customers. Instead of reimbursing its delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their net wages to fall below the federal and

1

Missouri minimum wages during some or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum wages).

3. Plaintiff Alicia Paul brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to herself and all similarly situated delivery drivers employed by Defendant at its Papa John's stores.

## Jurisdiction and Venue

4. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

5. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District, Defendant operates Papa John's franchise stores in this District, Defendant employed Plaintiff in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## Parties

6. Defendant Ozark Pizza Company, LLC is an Oklahoma limited liability company that, during times relevant, maintained its principal place of business in this District and operated Papa John's franchise stores in this District.

7. Plaintiff Alicia Paul was employed by Defendant from approximately November 2014 to December 2015 as a delivery driver at its Papa John's stores located at 1037

2

Glenstone Avenue, Springfield, Missouri and 1814 West Kearney Street, Springfield, Missouri. Plaintiff Paul's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

**General Allegations**

*Defendant's Business*

8. During the recovery period, Defendant has owned and operated approximately 50 Papa John's franchise stores in Missouri, Illinois, Arkansas, Colorado and Oklahoma.

9. Each of Defendant's stores employs delivery drivers (hereinafter collectively "Delivery Drivers").

10. Defendant's Delivery Drivers have the same primary job duty of delivering pizzas and other food items to Defendant's customers using their personal automobiles.

*Defendant's Flawed Reimbursement Policy*

11. Defendant requires its Delivery Drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

12. Defendant's Delivery Drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendant.

13. Defendant's Delivery Driver reimbursement policy reimburses Delivery Drivers on a per-delivery basis that results in a per-mile reimbursement far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost

to own and operate a motor vehicle. This policy applies to all of Defendant's Delivery Drivers.

14. The result of Defendant's Delivery Driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its Delivery Drivers' automobile expenses.

15. During the applicable FLSA and IMWL limitations periods, the IRS business mileage reimbursement rate has ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of driving a sedan 15,000 miles per year ranged between $.531 and $.58 per mile during the same period. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

16. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with delivery driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's Delivery Drivers further experience lower gas mileage and higher repair costs than the average driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

17. Defendant's reimbursement policy does not reimburse the Delivery Drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendant uniformly fails to reimburse its Delivery Drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

18. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages they pay to Plaintiff and Defendant's other Delivery Drivers are not paid free and clear of all outstanding obligations to Defendant.

19. Defendant fails to reasonably approximate the amount of its Delivery Drivers' automobile expenses to such an extent that its Delivery Drivers' net wages are diminished beneath the federal minimum wage and diminished even further below Missouri's minimum wage.

20. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of Delivery Drivers' automobile expenses.

*Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

21. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and Missouri minimum wages.

5

22. Plaintiff Paul was paid $7.65 per hour in 2015, including a tip credit applied to the time she spent making deliveries.

23. The federal minimum wage has been $7.25 at all relevant times. 29 U.S.C. § 206(a).

24. During Plaintiff Paul's employment by Defendant, the per-delivery reimbursement rate at the store where she has worked was approximately $1.00 per delivery.

25. During her employment with Defendant, Plaintiff Paul experienced an average round-trip delivery distance of at least 6 miles per delivery.

26. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff Paul was approximately $.17 per mile ($1.00 per delivery / 6 average miles per delivery) or less.

27. During the recovery time period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff Paul's automobile expenses, every mile driven on the job decreased her net wages by approximately $.365 ($.535 - $.17) per mile. Considering Plaintiff Paul's estimate of at least 6 average miles per delivery, Defendant under-reimbursed her about $2.19 per delivery ($.365 x 6 miles) or more.

28. During her employment by Defendant as a Delivery Driver, Plaintiff Paul typically averaged approximately 2 deliveries per hour.

6

29. Thus, Plaintiff Paul consistently "kicked back" to Defendant $4.38 per hour ($2.19 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $3.27 ($7.65 per hour - $4.38 kickback) or more in 2015.

30. All of Defendant's Delivery Drivers had similar experiences to those of Plaintiff Paul. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable federal or state minimum wage before deducting unreimbursed business expenses.

31. Because Defendant paid its Delivery Drivers a gross hourly wage very close to the applicable minimum wage, and because the Delivery Drivers incurred unreimbursed automobile expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

32. While the amount of Defendant's actual reimbursements per mile may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all Delivery Drivers at all of its other Papa John's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

33. Defendant's low reimbursement rates were a frequent complaint of at least some of Defendant's delivery drivers, including Plaintiff, yet Defendant continued to

reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

34. The net effect of these policies is that Defendant willfully fails to pay the federal minimum wage to its Delivery Drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## Collective Action Allegations

35. Plaintiff brings this case as an "opt-in" collective action claim on behalf of similarly situated Delivery Drivers pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

37. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential plaintiffs may be notified of the pendency of this action via mail.

38. Plaintiff and all of Defendant's Delivery Drivers are similarly situated in that:

   a. They have worked as Delivery Drivers for Defendant delivering pizza and other food items to Defendant's customers;

   b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendant;

g. They were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

i. They were paid near the federal minimum wage before deducting unreimbursed business expenses.

## COUNT I: Violation of the FLSA by Failing to Reasonably Reimburse Vehicle Expenses

39. Plaintiff reasserts and re-alleges the allegations set forth above.

40. At all relevant times herein, Plaintiff and all other similarly situated Delivery Drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

41. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of those exemptions apply to Plaintiff or other similarly situated Delivery Drivers.

42. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

43. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

44. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id*.

45. As alleged herein, Defendant has reimbursed Delivery Drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

46. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate Delivery Drivers at the federal minimum wage.

47. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

48. Plaintiff and all similarly situated Delivery Drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Delivery Driver employees in Defendant's stores.

49. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

50. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith and with reasonable grounds to believe its actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable

under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated Delivery Drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: February 7, 2018                              Respectfully submitted,

**PAUL LLP**                                         **WEINHAUS & POTASHNICK**
/s/ Richard M. Paul III                              Mark A. Potashnick
Richard M Paul III (MO Bar #44233)                   11500 Olive Boulevard., Suite 133
Sean R. Cooper (MO Bar #65847)                       St. Louis, Missouri 63141
601 Walnut Street, Suite 300                         Telephone:   (314) 997-9150
Kansas City, Missouri 64106                          markp@wp-attorneys.com
Telephone:   (816) 984-8100
Rick@PaulLLP.com
Sean@PaulLLP.com

**ATTORNEYS FOR PLAINTIFF**